UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WARNER BROS. RECORDS INC.,**
A Delaware corporation; **SONY BMG
MUSIC ENTERTAINMENT**, a Delaware
general partnership;  **ARISTA RECORDS LLC,**
a Delaware limited liability company; and **BMG
MUSIC**, a New York general partnership,

    **Plaintiffs,**

**v.**                                                                               Case No.: 3:07-cv-134-J16-HTS

**KATHLEEN TAIT,**

    **Defendant.**
_____/

## ORDER

Plaintiffs, Warner Bros. Records Inc., Sony BMG Music Entertainment, Arista Records LLC and BMG Music (collectively, the "Plaintiffs") own or control exclusive rights to the certain copyrighted sound recordings.  Plaintiffs sue defendant Kathleen Tait (the "Defendant") under 17 U.S.C. §§ 101,106, 501-505 for copyright infringement. Plaintiffs allege (Dkt. 15) that Defendant "engaged in the distribution of Plaintiffs' copyrighted sound recordings at Internet Protocol ("IP") address 172.143.68.68 . . ."  Specifically, Plaintiffs claim that Defendant used an online media distribution system to actively distribute over 400 music files to millions of users on a peer-to-peer network (Exhibit B to the Complaint); however, Plaintiffs seek an order finding that Defendant has infringed seven (7) of their copyrighted sound recordings (Exhibit A to the Complaint, collectively the "Exhibit A Recordings").[1]

---

[1] Exhibit A of the Complaint is a subset of music files contained in Defendant's computer share folder, as evidenced by Exhibit B to the Complaint.  Defendant has admitted that Exhibit B is a true and correct copy of her share folder as it existed during the preceding three (3) years prior to the date the Complaint in this case was filed on February 26, 2007.

Plaintiffs seek statutory damages, recovery of full costs, and permanent injunctive relief. Plaintiffs move for final summary judgment (Dkt. 15). Proceeding *pro se*, Defendant answered (Dkt. 8) the Complaint on May 8, 2007 with a general denial. Since filing her answer Defendant has failed to respond to Plaintiffs' discovery requests or an Order from the Court directing her to respond to the motion for summary judgment. (Dkt. 18).

On August 8, 2007, Plaintiffs served their first set of requests for admissions (Dkt. 16, Ex. A), and Plaintiffs warned Defendant that failure to respond to the request within the time prescribed constitutes admission of each requested item. On September 24, 2007, Plaintiffs sent Defendant a letter (Dkt. 16, Ex. B) that reminds Defendant of her obligation to respond and that warns Defendant that, if she fails to respond, Plaintiffs will move for summary judgment. On October 16, 2007, Plaintiffs sent Defendant another letter (Dkt. 16, Ex. C), reminding Defendant of her obligation to respond. On March 25, 2008, Plaintiffs moved for summary judgment. Defendant failed to respond to the summary judgment motion.

Defendant responds neither to Plaintiffs' first set of requests for admissions nor to Plaintiffs' motion for summary judgment. See Rule Fed. R. Civ. P. 36; United States v. 2204 Barbara Lane, 960 F.2d 126, 129 (11th Cir. 1992) ("[R]equests for admissions are automatically deemed admitted if not answered within 30 days, and . . . the matters therein are 'conclusively established' unless the court on motion permits withdrawal or amendment of the admissions.").

Defendant's failure to respond to Plaintiffs' first set of requests for admissions results in the admission of the following facts, which are conclusively established for the purposes of this motion: (1) Plaintiffs own or control exclusive rights to the copyright in each of the Exhibit A Recordings; (2) Defendant used an online media distribution system to download the Exhibit A Recordings and

to make the Exhibit A Recordings available to others for downloading or copying; (3) Plaintiffs never authorized Defendant to download the Exhibit A Recordings or to make them available to others for downloading or copying; (4) the Exhibit A Recordings were registered with the United States Copyright Office before Defendant downloaded them and made them available to others for downloading or copying; and the copyright registration for each of the Exhibit A Recordings is valid; (5) during the past three (3) years, the Exhibit A Recordings bore United States copyright notices and Defendant had access to copies of the Exhibit A Recordings that bore the copyright notices; (6) when Defendant downloaded the Exhibit A Recordings, Defendant knew that downloading the Exhibit A Recordings was unlawful; and (7) after Defendant received the Complaint in this action, Defendant continued to use an online media distribution system to make available to others the Exhibit A Recordings.

Summary judgment results if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure; see also Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). The evidence and the available inferences must be viewed in the light most favorable to the non-moving party. Steele v. Shah, 87 F.3d 1266, 1269 (11th Cir. 1996). The movant bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If the movant is successful, the non-moving party must come forward with admissible evidence showing a genuine issue of material fact. Celotex, 477 U.S. at 324. "A mere scintilla of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that

the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

Although Defendant fails to respond Plaintiffs' motion for summary judgment, a district court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004). The record must establish the absence of a genuine issue of material fact to entitle the movant to judgment as a matter of law. One Piece of Real Prop. Located at 5800 SW 74th Ave., 363 F.3d at 1101. A fact admitted by operation of Rule 36 (i.e., because of a defendants' failure to respond to a request for admissions) may support summary judgment. See Stubbs v. Comm'r, 797 F.2d 936, 937-38 (11th Cir. 1986). Copyright owners have the exclusive right to reproduce a copyrighted work and to distribute a copy or phonorecord of the work to the public. 17 U.S.C. § 106(1), (3).

To establish a *prima facie* case of copyright infringement, a plaintiff must show (1) a plaintiff's ownership of or exclusive license for a valid copyright in the copyrighted sound recording and (2) the defendant's copying or distributing of an original element of the copyrighted sound recording. See Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1232 (11th Cir. 2002); Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); 17 U.S.C. § 501(a) (infringement occurs when the alleged infringer violates any of the exclusive rights listed in Section 17 U.S.C. § 106); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001) ("The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights . . . .").

Defendant's admissions establish that Plaintiffs control or own valid copyrights in the Exhibit A Recordings and that Defendant infringed Plaintiffs' exclusive rights by reproducing[2] and distributing[3] the infringed recordings without authorization by means of an online media distribution system. Instead of proving actual injury, a plaintiff in a copyright infringement action may elect to recover statutory damages "in the sum of less than $750 or more than $30,000 as the court considers just" for each infringed work. 17 U.S.C. § 504(c)(1). Plaintiffs request the minimum statutory amount, an award of $750 for each of the seven infringed recordings for a total of $ 5,250.00. Plaintiffs also request costs under 17 U.S.C. § 505. Specifically, Plaintiffs request $420.00 "as costs of suit for their filing and service fees." Plaintiffs' costs include a $350.00 filing fee and a $70.00 service of process fee. (Dkt. 16, ¶ 7).

Finally, Plaintiffs request permanent injunctive relief. See 17 U.S.C. § 502(a) (providing that the court "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."). Because Defendant's admissions show not only her liability for infringement of the Exhibit A Recordings but also a substantial threat of continuing infringement, enjoining Defendant from further infringement of sound recordings, whether now in existence or later created, is appropriate.

---

[2] Unauthorized copying of a copyrighted sound recording by downloading the recording onto a computer is a "reproduction" prohibited by the copyright act. See e.g., BMG Music v. Gonzalez, 430 F.3d 888, 890-91 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 2032 (2006); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001); *cf*. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 929 (2005).

[3] Distributing copyrighted sound recordings without authorization through a peer-to-peer network is a "distribution" prohibited by the copyright act. See Grokster, 545 U.S. 913, 940-41 (2005); Gonzalez, 430 F.3d at 889; Napster, 239 F.3d at 1014; Elektra Entm't Group Inc. v. Brimley, 2006 WL 2367135, *2 (S.D. Ga. Aug. 15, 2006) ("It is clear that use of a peer-to-peer media distribution system to share music files infringes copyright."); *cf*. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 843 (11th Cir. 1990) ("Public distribution of a copyrighted work is a right reserved to the copyright owner, and usurpation of that right constitutes infringement.").

**CONCLUSION**

Having considered the positions of all parties to this action, the Court **ORDERS** that Plaintiffs' motion for final summary judgment (Dkt. 15) is **GRANTED**. Defendant shall pay statutory damages to Plaintiffs in the amount of $5,250.00 and costs of $420.00. Additionally, Defendant shall be and hereby is **ENJOINED** from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Exhibit A Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' sound recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' recordings, to distribute (i.e., upload) any of Plaintiffs' sound recordings, or to make any of Plaintiffs' sound recordings available for distribution to the public, except pursuant to a lawful license or with Plaintiffs express authorization. Defendant shall destroy all copies of Plaintiffs' sound recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

The Clerk is directed to enter judgment and permanent injunction for Plaintiffs and against Defendant and to **CLOSE** this case.

**DONE and ORDERED** in Chambers in Jacksonville, Florida, on this 12th day of June 2008.

JOHN H. MOORE II
United States District Judge

c: Counsel of Record